**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: WBZE, INCORPORATED,
<u>Debtor.</u>

WBZE, INCORPORATED,
<u>Plaintiff-Appellant,</u>

v.

No. 98-1888

ANA RADIO NETWORK,
INCORPORATED,
<u>Defendant-Appellee,</u>

and

ARAB NETWORK OF AMERICA,
INCORPORATED,
<u>Defendant.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-97-3567-PJM, BK-96-130-PM, AP-96-1A098-PM)

Argued: May 6, 1999

Decided: July 12, 1999

Before MURNAGHAN, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Stanley R. Jacobs, COGAN & JACOBS, P.C., Rockville, Maryland, for Appellant. John H. More, ROGERS & MORE, Washington, D.C., for Appellee. **ON BRIEF:** Tasneem Hussain, ROGERS & MORE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

WBZE, Inc. filed suit in the United States Bankruptcy Court for the Southern District of Maryland against Arab Network of America, Inc. (Arab Network) and ANA Radio Network, Inc. (ANA Radio) alleging breach of contract and malicious destruction of property. After holding a trial on the breach of contract issue with ANA Radio as the sole defendant,[1] the bankruptcy court issued proposed findings of fact and conclusions of law that concluded that ANA Radio breached its contract with WBZE. The district court declined to adopt this proposed conclusion, based upon its finding that WBZE anticipatorily breached this contract, and entered judgment against ANA Radio only for the outstanding costs and fees ANA Radio incurred under the contract prior to WBZE's anticipatory breach. WBZE noted a timely appeal of the district court's order, arguing that the district court erred in applying a de novo standard of review to the bankruptcy court's proposed findings of fact and conclusions of law, that the district court erred in concluding that WBZE anticipatorily breached the contract with ANA Radio, and that the district court erred in not holding ANA Radio liable as a successor corporation for the debts of Arab Network. Finding no error, we affirm.

_____

[1] The bankruptcy court entered a default judgment against Arab Network.

2

At all relevant times in these proceedings, WBZE, Inc. owned and operated a radio station in Maryland. WBZE had a Time Brokerage Agreement (TBA) with Arab Network, a Pennsylvania corporation, that was "engaged, <u>inter alia</u>, in the business of providing ethnic and other programming . . . to broadcast stations, cable television systems, and other media of mass communications in the United States." (J.A.I at 103.) The TBA ran from September 29, 1989 to September 28, 1992, and month-to-month thereafter (the 1989 TBA). The 1989 TBA provided that Arab Network would reimburse WBZE for the reasonable operating expenses of the station, including royalties to music licensing companies.

As the term of the 1989 TBA ended, WBZE entered into a second TBA with ANA Radio, a Virginia corporation that was a wholly owned subsidiary of Arab Network. The term of the second TBA was to run from October 1, 1993 through October 1, 1996 (the 1993 TBA). Like the 1989 TBA, the 1993 TBA provided that ANA Radio would reimburse WBZE for the reasonable operating expenses of the station, including royalties to music licensing companies. Nothing in the 1993 TBA provided for the assumption of Arab Network's liabilities by ANA Radio, however.

WBZE's president, Peter Gureckis, acknowledged at trial that he was aware that there were two separate entities involved in the TBAs, Arab Network and ANA Radio. Gureckis also conceded that there was nothing in the 1993 TBA that stated that ANA Radio was liable for the debts of Arab Network. ANA Radio's vice-president of finance, Cheryl Montalvo, testified that although ANA Radio occasionally paid some of Arab Network's outstanding bills, Gureckis never asked her, acting in her official capacity, to pay these bills. In November 1993, Arab Network sold all of the common stock of ANA Radio to ANA Holdings, Inc., a Delaware corporation, for $1 million. According to Gureckis, Montalvo, and Curt Turner, ANA Radio's director of technical operations, Gureckis and WBZE's employees were aware of the sale of ANA Radio to ANA Holdings at the time it was made or shortly thereafter.

During the period covered by the 1993 TBA, WBZE experienced serious financial difficulties due in large part to Arab Network's failure to pay rent and other operating expenses under the 1989 TBA. At

3

the date of the inception of the 1993 TBA, Arab Network owed WBZE approximately $195,000 under the 1989 TBA. As a result, WBZE fell behind in its payments to creditors, and its broadcast equipment began to deteriorate noticeably. Two music licensing companies, SESAC and ASCAP, obtained judgments against WBZE and proceeded to garnish WBZE's bank account. In December 1995, the IRS placed a lien on WBZE's income and served a notice of levy on ANA Radio. WBZE's financial situation deteriorated to the point that, according to WBZE's accountant, any payment by ANA Radio in December 1995 or January 1996 would pass directly to the IRS.[2]

WBZE's efforts to recoup the amount it was owed came to a climax in January 1996. On January 3, 1996, WBZE's then-attorney, Robert Kostecka, sent ANA Radio a letter stating that the judgments and liens against WBZE from the IRS and ASCAP were required to be paid by Arab Network pursuant to the 1989 TBA. The letter concluded, "Unless the present situation is resolved, WBZE could be forced to terminate its Time Brokerage Agreement with ANA Radio Network, Inc. and to go off the air. It is imperative that a resolution of this matter is obtained immediately." (J.A.I at 285.) The following day, January 4, Kostecka sent ANA Radio another letter stating, "Please be advised that if the situation outlined in my correspondence to you dated January 3, 1996 . . . is not immediately resolved, WBZE will be forced to go off the air as of 5:00pm, January 5, 1996." (J.A.I at 286.)

After meeting with representatives of WBZE, ANA Radio declined to restructure its payments to WBZE or to advance WBZE any additional funds. On January 5, ANA Radio's attorney, Gordon Coffee, wrote Kostecka, notifying him that as of that afternoon ANA Radio had broadcast the following message on the hour for several hours:

_____

[2] Gureckis testified that ANA Radio made all of its payments due under the 1993 TBA except for its rent from January 1996 and its payroll taxes from December 1995 (which it could not make due to the IRS lien), and that prior to January 1996, he did not have any serious problems with ANA Radio other than that they were frequently behind in their payments.

4

WNTL**3** has notified us that due to circumstances beyond our control broadcast services may cease at 5:00 PM EST today, Friday, January 5, 1996. Should an interruption in our broadcast occur we assure you that we will resume broadcast as soon as possible. The interruption shall affect the Washington, D.C. area only. We apologize in advance should this incident occur and state again that this is due to circumstances beyond the control of ANA Radio Network, Inc.

(J.A.I at 287.) Coffee acknowledged that ANA Radio discontinued the message upon receiving word from WBZE that it would continue its contractual obligations until 5:00 p.m. on Tuesday, January 9. Coffee cautioned that "[g]iven WBZE's stated intent to go off the air at that time, we are planning to run the above message, as modified to reflect the new termination time, hourly on Tuesday." (J.A.I at 287.)

Kostecka fired a reply on the same day stating that ANA Radio was in default of the 1993 TBA for failing to make timely payments under §§ 3.2 and 3.4 of the TBA and failing to provide WBZE with the notification required to broadcast the aforementioned termination message under § 6.1 of the TBA. Kostecka concluded that pursuant to § 12.1(a) of the 1993 TBA, WBZE would be terminating the 1993 TBA as of 5:00 p.m. on January 9, 1996, and that"effective immediately, [ANA Radio] will no longer be permitted access to WBZE's facilities after the times set forth in the [1993 TBA]." (J.A.I at 289.)

The following day, January 6, WBZE's new attorney, Stanley Jacobs, notified ANA Radio that WBZE was withdrawing the notice of termination to afford additional time to see if the matter could be resolved. Counsel for ANA Radio replied on January 9 that the purported withdrawal of the notice of termination was rejected "in light of your client's repeated statements that they would be going off the air (first on Friday last at 5:00 PM and then today at 5:00 PM) and your failure to assure our client, ANA Radio Network, Inc., of the station's ability and willingness to perform under the[1993 TBA]." (J.A.I at 292.) The letter concluded, "Accordingly, we consider the [1993 TBA] to be terminated as of the cut-off time, 5:00 PM, Tues-

_____

**3** The parties do not dispute that this reference is to WBZE.

5

day, January 9, 1996, previously noticed to us on behalf of your client." (J.A.I at 292.)

ANA Radio had moved out of the WBZE premises the previous day, January 8, taking its equipment with it, and-- according to WBZE -- leaving the studio in disarray. The 1993 TBA with ANA Radio was not due to expire for another nine months, but ANA Radio paid no fees to WBZE thereafter. On January 10, 1996, WBZE filed for Chapter 11 bankruptcy protection. On March 5, 1996, WBZE filed the instant action for breach of contract and malicious destruction of property against Arab Network and ANA Radio.

After the bankruptcy court entered a default judgment against Arab Network for its failure to file an answer to WBZE's complaint, the case proceeded to trial against ANA Radio from August 19 through 22, 1997 solely on the breach of contract issue. [4] The bankruptcy court issued Proposed Findings of Fact and Conclusions of Law and a Proposed Order on October 23, 1997. In its Proposed Findings of Fact and Conclusions of Law, the bankruptcy court concluded that ANA Radio was not liable for any of Arab Network's outstanding liabilities under the 1989 TBA because it was not a successor corporation of Arab Network and it never assumed by agreement any of Arab Network's liabilities. The bankruptcy court also concluded that ANA Radio breached the 1993 TBA by its actions of January 8 and its failure to perform thereafter, and that the correspondence between the parties in late December 1995 and early January 1996 were "merely posturing" and did not rise to the level of an anticipatory breach of the contract. The bankruptcy court recommended that ANA Radio be held liable for damages of $409,133.49 plus $120.00 in costs.

Pursuant to Bankruptcy Rule 9033(b), ANA Radio filed a timely objection to the bankruptcy court's Proposed Findings of Fact and Conclusions of Law, focusing on the bankruptcy court's conclusion that ANA Radio breached the 1993 TBA and its proposal that ANA Radio pay the remaining monthly fee of $43,333.00 per month for nine months under the 1993 TBA, totaling $389,997.00. After exam-

_____

[4] Prior to trial, the bankruptcy court limited the issue to WBZE's claim for breach of contract and reserved for a separate adversary proceeding WBZE's claim for malicious destruction of property.

ining the record and hearing oral argument, the district court conducted a de novo review of the objected-to findings of fact and conclusions of law. By opinion dated May 19, 1998, the district court adopted the findings of fact and conclusions of law proposed by the bankruptcy court, except for the bankruptcy court's conclusion that ANA Radio breached the 1993 TBA and was liable for the nine months remaining on the contract. The district court concluded that WBZE's letters of January 3 and January 4 constituted an anticipatory breach of the 1993 TBA, excusing ANA Radio's non-performance for the remaining nine months, because WBZE unjustifiably demanded that ANA Radio pay the debts of Arab Network and told ANA Radio that if such payments were not made, WBZE would cease to perform under the contract. Accordingly, by order dated May 19, 1998 (the May 19 Order), the district court entered judgment in favor of WBZE in the amount of $19,136.49, which reflected the outstanding costs and fees incurred by ANA Radio under the 1993 TBA prior to WBZE's anticipatory breach.[5]

WBZE noted a timely appeal of the district court's May 19 Order as to ANA Radio. Before us, WBZE argues that the district court erred in three respects. First, WBZE argues, the district court erred in reviewing de novo the bankruptcy court's Proposed Findings of Fact and Conclusions of Law because it was bound to accept the findings of the bankruptcy court unless such findings were clearly erroneous. Next, WBZE argues, the district court erred in concluding that WBZE anticipatorily breached the 1993 TBA because WBZE's letters were merely an attempt to collect payments it was owed and not a positive and unconditional action to terminate broadcasting. Finally, WBZE argues, the district court erred in not holding ANA Radio liable as a successor corporation for the outstanding debts of Arab Network.[6]

_____

[5] The district court also entered a default judgment against Arab Network in the amount of $163,521.66 plus $120.00 in costs.
[6] Because WBZE failed to file a written objection to the bankruptcy court's recommendation with regard to ANA Radio's successor liability on the debts owed by Arab Network under the 1989 TBA, it has waived its right to present this issue to this Court. See Nantahala Village, Inc. v. NCNB Nat'l Bank (In re Nantahala Village, Inc.) , 976 F.2d 876, 880 (4th Cir. 1992) (holding that party that failed to object to bankruptcy court's recommendation waived its rights to present in the court of appeals issues it did not contest in the district court).

7

We have reviewed the record, briefs, and pertinent case law on this matter, and we have had the benefit of oral argument. Our careful review persuades us that the rulings of the district court were correct. Accordingly, we affirm on the reasoning set forth in the district court's opinion. See WBZE, Inc. v. Arab Network of Am., No. CA-97-3567-PJM (D. Md. May 19, 1998).

AFFIRMED